## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **VINCENT JOHN BAZEMORE,** | ) | |
| **ID # 37160-177** | ) | |
|       **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:11-CV-2754-O-BH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|       **Respondent.** | ) | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Before the Court are petitioner's *Petition for Writ of Audita Querela* and *Application to Proceed In District Court Without Prepaying Fees or Costs*, both received October 17, 2011 (doc. 3).  Based on the relevant filings and applicable law, the petition should be construed as a civil action, the application to proceed *in forma pauperis* should be **DENIED**, and this action should be summarily **DISMISSED** as barred by the "three-strikes" rule if the petitioner does not prepay the full filing fee.

### I.  BACKGROUND

Vincent John Bazemore ("Bazemore"), a federal inmate confined at FCI La Tuna, filed a *Petition for Writ of Audita Querela* challenging the federal judgment against him on grounds that the federal government seized his property without giving the appropriate notice under the civil forfeiture act. (doc. 2).  Bazemore has also filed a motion to proceed *in forma pauperis*. (doc. 3).

Bazemore was charged with, and pled guilty to, securities fraud.  He was sentenced to a sixty-month term of imprisonment, followed by three years of supervised release, and he was ordered to pay restitution in the amount of $15,761,581.11.  *See United States v. Bazemore*, No. 3:07-cr-0312-K (N.D. Tex. Sept. 22, 2009).  In order to satisfy the ordered restitution, the

government applied for writs of execution upon certain property on September 25, 2009, the writs of execution were issued by the district court on September 28, 2009, and notice was sent to Bazemore that same day.  (*Id*., docs. 54, 55, 57).  He then filed a motion to stay enforcement of the writs of execution, a motion for a hearing on the writs of execution, a motion to quash the writs of execution, a motion to set aside the writs of execution, and a motion to suppress the evidence and return the seized property (*Id*., doc. 59, 74, 94, 122, 145), all of which were denied by the district court (doc. 61, 86, 105, 126, 149).

Bazemore appealed the district court's grant of a motion to sell property to collect the restitution and a motion to apply funds to the restitution, the district court's denial of his motion for a hearing concerning the writ of execution, and the denial of a motion to stay the restitution order pending the outcome of his motion to vacate.  These appeals were dismissed as frivolous.  *See United States v. Bazemore*, Nos. 10-10189, 10-10301 (5th Cir. Sept. 17, 2010).  He further filed a motion to vacate pursuant to 28 U.S.C. § 2255, challenging, among other things, the restitution order.  His § 2255 motion was denied.  *See Bazemore v. United States*,  No. 3:10-CV-027-K (N.D. Tex. Nov. 29, 2010).   The Fifth Circuit denied a certificate of appealability, *Bazemore v. United States*, No. 10-11240 (5th Cir. May 9, 2011), and later denied a motion for leave to file a successive § 2255 petition.  *In re Bazemore*, No. 11-10573 (5th Cir. Aug. 31, 2011).  Bazemore currently has another pending petition for writ of audita querela, in which he seeks relief from the judgment on the basis that the ordered restitution exceeded the court's authority.  *See Bazemore v. United States*, No. 3:11-CV-2049-K (N.D. Tex.).

Bazemore has also filed several lawsuits against the prosecutors and agents involved in the seizure of his property.  These lawsuits were dismissed as frivolous (*Bazemore v. Junker*, No. 3:10-

CV-0720-B (N.D. Tex. June 15, 2010)), duplicative (*Bazemore v. Casey*, No. 3:10-CV-1202-M

(N.D. Tex. Dec. 20, 2010)), malicious (*Bazemore v. Abbott*, No. 3:10-CV-1444-G (N.D. Tex. Sept.

28, 2010), and barred by *res judicata* (*Bazemore v. Buie*, No. 3:10-CV-1505-M (N.D. Tex. Nov. 2,

2010)). Because he has filed at least three frivolous civil actions and appeals, the Fifth Circuit has

held that Bazemore is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in any

civil action or appeal while he is incarcerated unless he demonstrates that he is under imminent

danger of serious physical injury. *See Bazemore v. Abbott*, No. 10-11032 (5th Cir. June 20, 2011).

## II.  WRIT OF AUDITA QUERELA

"The writ of *audita querela* permits a defendant to obtain relief against a judgment because

of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir.

1993). *See also United States v. Miller,* 599 F.3d 484, 489 (5th Cir. 2010) ("a writ of *audita querela*

is used to challenge a judgment that was correct at the time it was rendered but which is made infirm

by matters that arose after its rendition."). As noted in *Banda,* however, "[i]t is an open question

whether the . . . writ survives as a post-conviction remedy." *Banda*, 1 F.3d at 356; *see also Miller*,

599 F.3d at 489 ("the writ of *audita querela* might also survive in criminal adjudications, if there

is a gap for it to fill."). Assuming the writ survives, it is available only "where there is a legal

objection to a judgment which has arisen subsequent to that judgment." *Miller*, 599 F.3d at 489.

"Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*." *Id.* In

addition, "the writ is only available where the legal objection raised cannot be brought pursuant to

any other post-conviction remedy." *Id.* It is now well established that a petitioner may not seek a

writ of *audita querela* if he "may seek redress under § 2255." *Banda*, 1 F.3d at 356.

While Bazemore contends in his petition that he is challenging the judgment against him,

3

he is not raising a legal defense that has arisen after the judgment. He is also not seeking habeas relief under § 2255, which is the appropriate remedy for an error that occurred at or prior to sentencing. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Instead, he is expressly challenging the failure of the government to follow the requirements of a civil forfeiture.[1] Accordingly, Bazemore's filing should be construed as a civil action, not a habeas action.

### III.   THREE STRIKES

As set forth in the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.[2] The Fifth Circuit has held that the inmate must show "imminent danger at the time that he seeks to file his suit." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *accord*, *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam).

Bazemore's current filing falls under the PLRA "three-strikes" provision because he has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Bazemore v. Abbott*, No. 10-11032 (5th Cir. April

---

[1] There was no civil forfeiture action because the property was seized to fulfill the restitution order through the use of writs of execution.

[2] The PLRA does not apply to habeas corpus petitions filed under either § 2254 or § 2255. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996). As stated earlier, however, Bazemore's is not seeking habeas relief. *See Rivera v. United States*, 2009 WL 2224368 (M.D. Tenn. July 23, 2009) (holding that a writ of audita querela falls under the PLRA where the petitioner is not seeking habeas relief).

21, 2011); *Bazemore v. Buie*, No. 10-11186 (N.D. Tex. June 20, 2011); *Bazemorev. Buie*, No. 3:10-CV-1505-M (N.D. Tex. Nov. 2, 2010); *Bazemore v. Abbott*, No. 3:10-CV-1444-G (N.D. Tex. Sept. 28, 2010); *Bazemore v. Junker*, No. 3:10-CV-0720-B (N.D. Tex. June 15, 2010).  Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury.

Here, Bazemore does not even allege that he is in imminent danger of serious physical injury, so he must prepay the $350.00 filing fee before he may proceed with this case.

## II.  RECOMMENDATION

The *Petition for Writ of Audita Querela* should be **CONSTRUED** as a civil action.  The *Application to Proceed In District Court Without Prepaying Fees or Costs* should be **DENIED**, and this civil action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Bazemore pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the Court.  Bazemore should also be **WARNED** that if he continues to file civil actions without prepaying the filing fee or making a showing of imminent danger, he could be subject to sanctions, up to and including monetary sanctions payable to the Court.

**SIGNED this 28th day of October, 2011.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6